No. 03-037

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 349

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

TERRY MICHAEL YORK,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and for the County of Teton, Cause No. 01 DC 005,
The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Kenneth R. Olson, Attorney at Law, Great Falls, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; John Paulson, Assistant Attorney General, Helena, Montana,

            Joe Coble, Teton County Attorney; Justin Lee, Deputy Teton County Attorney, Choteau, Montana

Submitted on Briefs: September 11, 2003

Decided:   December 18, 2003

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1     Terry Michael York (York) was convicted by a jury in Montana's Ninth Judicial District Court of assault with a weapon and criminal endangerment. York argues on appeal that the evidence was not sufficient to support his conviction. We affirm the District Court.

¶2     We address the following issue on appeal:

¶3     Was there sufficient evidence to support York's convictions of assault with a weapon and criminal endangerment?

BACKGROUND

¶4     York was found guilty by a jury of assault with a weapon, in violation of § 45-5-213, MCA, and criminal endangerment, in violation of § 45-5-207, MCA. York's convictions stem from events which occurred on March 2, 2001. York and the complainants, Florene "Tiny" Thomas (Thomas) and Ora Gale "Orie" Knowlton (Knowlton), maintain two very different versions of what happened that day.

¶5     Thomas owns the Windy Ridge Farm, located near Pendroy, a small town north of Choteau. Thomas and Knowlton live together near Bynum, another small town north of Choteau. York was Thomas' tenant on the Windy Ridge Farm. It is undisputed that York did not get along with Thomas and Knowlton. Numerous complaints to law enforcement had been made against each other and civil litigation was pending in which Thomas sought to evict York.

¶6     According to York, on March 2, 2001, when he returned to his residence on the Windy Ridge Farm, Thomas and Knowlton were sitting in a 1997 Oldsmobile parked next to the house. York believed they were surveying wind damage he reported to Thomas. York

2

claims he approached the vehicle, and Knowlton, apparently startled, backed the Oldsmobile into York's truck. Knowlton then drove away. York checked his truck for damage and found none. He then left to pick someone up in Choteau. As York drove into Pendroy en route to Choteau he noticed the Oldsmobile parked at the Post Office. He noticed minor damage to the Oldsmobile. He pulled up close to the Oldsmobile to talk to Thomas and Knowlton, but neither would speak to him. York claims he then followed Thomas and Knowlton to the Highway 89 junction west of Pendroy and turned south to drive to Choteau.

¶7 Thomas and Knowlton's version of the story is quite different. They deny they visited the Windy Ridge Farm that day and deny that Knowlton hit York's truck at the farm. According to Thomas and Knowlton, that morning they drove to Pendroy to pick up their mail and planned to drive to Browning for an appointment. Thomas waited in the car while Knowlton went into the Post Office. While Thomas was waiting, York parked his truck within a few inches of the Oldsmobile. York looked very angry and stared at Thomas. As Knowlton drove away from the Post Office toward the junction with Highway 89, he noticed York's truck behind him accelerating rapidly. Knowlton turned north onto Highway 89 and continued driving toward Browning. As Knowlton slowed for a curve, he noticed York's truck about ten feet behind his car. He instructed Thomas to call 911 on her cell phone to report what was happening, which she did. Moments later, York's truck hit the rear end of the Oldsmobile as the vehicles traveled at about 50 mph. Knowlton accelerated and pulled away from York. About a mile up the road, Knowlton stopped the car to survey the damage but pulled away when he saw York's truck coming down the road. Thomas and Knowlton proceeded on Highway 89 to the Pondera County line and the town of Dupuyer. The trunk

3

area of the Oldsmobile was damaged in the collision.

¶8    It is undisputed that after receiving Thomas' 911 call, Deputy Keith Van Setten was dispatched to the scene of the reported collision. Deputy Van Setten drove north from Choteau toward Pendroy. As he was driving along Highway 89 south of Bynum, he saw York driving his truck the opposite direction toward Choteau. York continued to Choteau and went to the Teton County Sheriff's Office, where he reported his version of what happened that morning at the Windy Ridge Farm.

¶9    York argues the State's version of the facts, as presented to the jury through the testimony of Thomas and Knowlton, was inherently unbelievable and insufficient as a matter of law to support the jury's verdicts. York asserts that it would have been impossible for him to commit the assault as reported by Thomas and Knowlton and then arrive at the location on Highway 89 where he was observed by Deputy Van Setten because of the distances and times involved. York made several motions in the District Court based upon this rationale, all of which were denied. York appeals the District Court's denial of his motion to dismiss made after the conclusion of the State's case-in-chief, denial of his motion to dismiss made at the conclusion of the presentation of the evidence, and denial of his motion for judgment of acquittal or, in the alternative, for a new trial. At the heart of all of the above motions is whether the evidence was sufficient to support York's convictions.

STANDARD OF REVIEW

¶10    We review a question on the sufficiency of the evidence to determine whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v.*

4

*Highpine*, 2003 MT 88, ¶ 11, 315 Mont. 129, ¶ 11, 68 P.3d 669, ¶ 11. We review the jury's verdict only to determine whether it is supported by sufficient evidence, not to determine whether there was evidence to support a different verdict. *State v. Sattler*, 1998 MT 57, ¶ 60, 288 Mont 79, ¶ 60, 956 P.2d 54, ¶ 60.

## DISCUSSION

¶11 Was there sufficient evidence to support York's convictions of assault with a weapon and criminal endangerment?

¶12 "The credibility of witnesses and the weight to be given to their testimony are determined by the trier of fact, and disputed questions of fact and credibility will not be disturbed on appeal." *State v. Bauer*, 2002 MT 7, ¶ 15, 308 Mont. 99, ¶ 15, 39 P.3d 689, ¶ 15. "Only in those rare cases where the story told is so inherently improbable or is so nullified by material self-contradiction that no fair-minded person could believe it may we say no firm foundation exists for the verdict based on it." *Bauer*, ¶ 15 (citation omitted).

¶13 York argues that this is one of the rare cases referenced in *Bauer*. However, even assuming, *arguendo*, that York is correct in his assertion that it would have been impossible for him to commit the assault as reported by Thomas and Knowlton and then arrive at the location on Highway 89 where he was observed by Deputy Van Setten because of the distances and times involved, York's appeal still must fail.

¶14 York essentially maintains that Thomas and Knowlton's version of the story must be either accepted or rejected in its entirety. As the State points out, this is not true. The jury was instructed that it could reject any portion of a witness' testimony that it believed to be false, and in its discretion, view with distrust or disregard the remainder of the testimony.

5

The State suggests several plausible theories as to how the jury may have reconciled York's impossibility defense with the testimony of Thomas and Knowlton. For example, the jury may have believed that York hit the Oldsmobile near Pendroy, rather than after turning north onto Highway 89, as Thomas and Knowlton testified. Under this scenario, it may have been possible for York to hit the Oldsmobile and still be seen at the location on Highway 89 where he was observed by Deputy Van Setten.

¶15 We cannot know precisely why or how the jury reached its decision to convict York. We only know that York presented his impossibility defense to the jury, and the jury apparently rejected it. We hold that sufficient evidence exists to support York's convictions and the District Court did not err in denying York's motions.

¶16 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE