No. 04-742

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 71

STATE OF MONTANA,

          Plaintiff and Respondent,

    v.

SHANE A. HICKS,

          Defendant and Appellant.


APPEAL FROM:    District Court of the Seventeenth Judicial District,
                    In and For the County of Blaine, Cause No. DC2004‑01
                    Honorable John C. McKeon, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

        Randy H. Randolph, Attorney at Law, Havre, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; John Paulson,
           Assistant Attorney General, Helena, Montana

           Yvonne Laird, Blaine County Attorney; Anastasia M.B. Maloney,
           Deputy County Attorney, Chinook, Montana


                    Submitted on Briefs:  March 7, 2006

                            Decided:  April 11, 2006


Filed:

                   _____
                               Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Shane A. Hicks (Hicks) appeals from the judgment entered by the Seventeenth Judicial District Court, Blaine County, on his conviction and sentence for the offense of sexual intercourse without consent.  We affirm in part, reverse in part and remand for resentencing.

¶2    We address the following issues on appeal:

¶3    1.   Did sufficient evidence support the jury's guilty verdict on Count II, sexual intercourse without consent?

¶4    2.   Did the District Court abuse its discretion in denying Hicks' motion to exclude certain of the prosecution's proposed exhibits?

¶5    3.   Did the District Court err in denying Hicks' motions to dismiss?

¶6    4.   Did the prosecution violate Hicks' constitutional right to due process by failing to provide him with discoverable information?

¶7    5.   Did the District Court abuse its discretion in denying Hicks' motion for a new trial?

¶8    6.   Did the District Court err in sentencing Hicks?

BACKGROUND

2

¶9  In February of 2004, the State of Montana (State) charged Hicks by information with two counts of felony sexual intercourse without consent in violation of § 45-5-503(1), MCA.  The information alleged in Count I that Hicks had sexual intercourse with S.H., without her consent, at approximately 8:00 a.m. on February 14, 2004.  The information alleged in Count II that Hicks had sexual intercourse with S.H., without her consent, at approximately 12:00 p.m. on February 14, 2004.  Hicks pled not guilty to both counts.

¶10  A jury trial was held on June 16, 17 and 18, 2004.  During trial, Hicks twice moved to dismiss the charges against him on the basis that S.H. had testified falsely during trial and had asked her sister to lie to law enforcement authorities.  The District Court denied both motions to dismiss.  At the close of the State's case-in-chief, Hicks moved for a directed verdict on the basis that the State had failed to meet its burden of proof as to either charge.  The District Court denied this motion as well.  The jury eventually returned a verdict finding Hicks not guilty on Count I and guilty on Count II.  The District Court scheduled a sentencing hearing and ordered the preparation of a presentence investigation report (PSI).  The court also ordered Hicks to undergo a psychosexual evaluation for purposes of sentencing.

¶11    Following trial, Hicks moved the District Court for a new trial, asserting newly discovered exculpatory evidence and the jury's failure to apply the appropriate burden of proof during its deliberations.  On September 27, 2004, the District Court held a combined hearing on the motion for a new trial and sentencing.  The court first heard testimony and argument regarding Hicks' motion for a new trial and denied it.  The court then heard testimony and argument regarding sentencing. The District Court subsequently sentenced Hicks to the Montana Department of Corrections (DOC) for a term of 14 years, with recommendations that Hicks complete various programs and evaluations while incarcerated.  The court also imposed numerous conditions in the event Hicks was released on parole.  The District Court entered judgment on the conviction and sentence.  Hicks appeals.

DISCUSSION

¶12    *1.   Did sufficient evidence support the jury's guilty verdict on Count II, sexual intercourse without consent?*

¶13    We review the sufficiency of the evidence to support a guilty verdict in a criminal case to determine whether, upon reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt.  *State v. Kuipers*, 2005 MT 156, ¶ 6, 327 Mont. 431, ¶

4

6, 114 P.3d 1033, ¶ 6. Hicks argues that insufficient evidence supports the jury's guilty verdict on Count II because the State failed to present evidence establishing that this offense occurred at approximately 12:00 p.m. on the date in question as alleged in the information.

¶14 As stated above, the State's information alleged in Count I that Hicks had sexual intercourse with S.H., without her consent, at approximately 8:00 a.m. on February 14, 2004, and in Count II that Hicks had sexual intercourse with S.H., without her consent, at approximately 12:00 p.m. on that same day. Hicks contends with regard to Count II that S.H. did not know what time the second incident occurred and the State provided no other evidence to suggest any particular time at which that incident occurred. However, S.H. testified several times on both direct and cross-examination at trial that the second incident of sexual intercourse occurred at approximately 12:00 p.m. Additionally, Hicks testified that he left the house after the first incident of consensual sexual intercourse, went to work for a couple of hours, returned to the house at around noon, ate lunch and the two had consensual sexual intercourse again shortly thereafter. We conclude sufficient evidence was presented on which the jury could find beyond a reasonable doubt that the incident of

5

sexual intercourse without consent charged in Count II occurred at approximately 12:00 p.m. on the day in question.

¶15 Hicks also observes that "the two alleged offenses are virtually identical except as to the time the offenses were alleged to occur and the location in the home," and contends, on that basis, that it was inconsistent for the jury to find reasonable doubt as to Count I of the information but convict him on Count II. We disagree. Generally, consistency in jury verdicts is not required. *State v. Bailey*, 2003 MT 150, ¶ 12, 316 Mont. 211, ¶ 12, 70 P.3d 1231, ¶ 12. Rather, "the question is not whether a criminal jury's verdict is inconsistent, but whether the verdict is supported by sufficient evidence." *Bailey*, ¶ 13. Where an information alleges separate acts as separate offenses, a conviction or acquittal on one charge does not affect the other charges. *State v. Azure*, 2002 MT 22, ¶ 48, 308 Mont. 201, ¶ 48, 41 P.3d 899, ¶ 48.

¶16 Here, the information alleged two separate acts of sexual intercourse without consent occurring at two separate times on the same day. The District Court instructed the jury that it must decide each count separately and find the defendant guilty or not guilty as to each count. The jury also was instructed that, as to each charged offense, it must find that the State proved beyond a reasonable doubt that Hicks had

sexual intercourse with S.H., that the intercourse was without S.H.'s consent and that Hicks acted knowingly. Hicks does not dispute that he and S.H. had sexual intercourse on two separate occasions on that day, but he contended at trial that S.H. consented to both acts. S.H. testified that she did not consent to either act. The jury weighed the conflicting testimony and found that the State had not proved beyond a reasonable doubt the first count of sexual intercourse without consent, but had proved beyond a reasonable doubt the second count of sexual intercourse without consent.

¶17 We hold sufficient evidence supported the jury's guilty verdict on Count II, sexual intercourse without consent.

¶18 *2. Did the District Court abuse its discretion in denying Hicks' motion to exclude certain of the State's proposed exhibits?*

¶19 A district court has broad discretion in determining the relevance and admissibility of evidence. *State v. Flowers*, 2004 MT 37, ¶ 19, 320 Mont. 49, ¶ 19, 86 P.3d 3, ¶ 19. Consequently, we will not overturn a district court's evidentiary ruling absent a showing of abuse of discretion. *Flowers*, ¶ 19.

¶20 On the morning of the first day of trial, Hicks moved to exclude all of the State's proposed exhibits on the basis that the State had failed to provide him with an exhibit list 20 days before trial as the District Court ordered at the omnibus

7

hearing. The State conceded it had not provided Hicks with the required exhibit list, but contended Hicks was aware of the exhibits well prior to trial, had been provided copies of the exhibits and knew the State intended to introduce the exhibits at trial. Consequently, according to the State, Hicks would not be unfairly surprised or prejudiced by admitting the exhibits into evidence. The State's proposed exhibits consisted of two audio tapes of Hicks' statement to law enforcement on the day he was arrested and eight photographs. The District Court excluded two of the photographs because the copies provided to Hicks failed to accurately reflect the contents of the originals, but denied Hicks' motion to exclude the two audio tapes and the remaining six photographs.

¶21 Hicks contends the District Court abused its discretion in denying his motion to exclude the State's exhibits. He asserts generally that admission of the exhibits at trial constituted unfair surprise and "was so highly prejudicial as to warrant this matter being remanded to district court for a new trial, or dismissed in its entirety." Pursuant to § 46-20-701(2), MCA, we must disregard any asserted error, defect or irregularity in a criminal proceeding which does not affect the defendant's substantive rights. Where a defendant does not establish that the admission of challenged evidence or

8

testimony was prejudicial to the defense, the defendant cannot meet the statutory standard requiring that the alleged error affect the defendant's substantive rights. *See State v. Boettiger*, 2004 MT 313, ¶¶ 16-17, 324 Mont. 20, ¶¶ 16-17, 101 P.3d 285, ¶¶ 16-17. Here, Hicks' conclusory statement that admission of the State's exhibits was prejudicial, with no reference to specific exhibits or analysis of why the exhibits were prejudicial, is insufficient to establish that the District Court's alleged error affected Hicks' substantive rights.

¶22 Additionally, Hicks does not support his argument here with citation to any legal authority as required by Rule 23(a)(4), M.R.App.P. "It is the appellant's burden to establish error by a district court and such error cannot be established in the absence of legal authority." *State v. Bailey*, 2004 MT 87, ¶ 26, 320 Mont. 501, ¶ 26, 87 P.3d 1032, ¶ 26. Furthermore, "it is not this Court's obligation to conduct legal research on appellant's behalf, to guess as to his precise position, or to develop legal analysis that may lend support to his position." *In re Estate of Bayers*, 1999 MT 154, ¶ 19, 295 Mont. 89, ¶ 19, 983 P.2d 339, ¶ 19.

¶23 We conclude Hicks has failed to establish that admission of the State's exhibits at trial prejudiced him. We hold, therefore, that the District Court did not abuse its discretion in denying Hicks' motion to exclude certain of the State's proposed exhibits.

¶24    *3.    Did the District Court err in denying Hicks' motions to dismiss?*

¶25    Following the State's direct examination of S.H. at trial, Hicks moved the District Court to dismiss the case. He argued that S.H. had provided false testimony in that her trial testimony was inconsistent with statements she made to medical personnel, law enforcement officers and defense counsel at various times prior to trial. The District Court denied the motion, stating that Hicks would have the opportunity to cross-examine S.H. regarding any inconsistent statements. At the close of the State's case-in-chief, Hicks renewed his motion to dismiss on the same basis. The District Court concluded that the evidence of S.H.'s inconsistent statements went to her credibility, and witness credibility was a question for the jury to determine. The court again denied the motion to dismiss. Hicks asserts error. A district court's ruling on a motion to dismiss in a criminal case constitutes a question of law which we review to determine whether the court's conclusion of law is correct. *State v. Mallak*, 2005 MT 49, ¶ 13, 326 Mont. 165, ¶ 13, 109 P.3d 209, ¶ 13.

¶26    Hicks claims that S.H. knowingly testified falsely at trial and this false testimony violated his constitutional right to due process, requiring dismissal of the charges

against him.  To prevail on such a claim, Hicks must establish that S.H.'s testimony was actually false, her testimony was material to the verdict and the State knew or believed her testimony to be false.  *Gratzer v. State*, 2003 MT 169, ¶ 11, 316 Mont. 335, ¶ 11, 71 P.3d 1221, ¶ 11 (citations omitted).  In his brief on appeal, however, Hicks states that either S.H.'s testimony at trial was false or her prior statements to law enforcement were false.  By making such an either/or statement, Hicks implicitly concedes he cannot establish that S.H.'s trial testimony was actually false.  Consequently, Hicks fails to establish a violation of his due process rights resulting from false trial testimony.

¶27  It is well-established that the credibility of witnesses and the weight to be given their testimony is within the province of the trier of fact, and disputed questions of witness credibility will not be disturbed on appeal.  *See, e.g., State v. York*, 2003 MT 349, ¶ 12, 318 Mont. 511, ¶ 12, 81 P.3d 1277, ¶ 12 (citing *State v. Bauer*, 2002 MT 7, ¶ 15, 308 Mont. 99, ¶ 15, 39 P.3d 689, ¶ 15).  At trial, Hicks cross-examined S.H. extensively regarding the inconsistencies between her trial testimony and her prior statements to medical personnel, law enforcement and defense counsel.  Hicks also questioned other witnesses regarding S.H.'s prior statements to them to further highlight the inconsistencies in

11

her story. Defense counsel also spent a large part of his closing argument reinforcing these inconsistencies to the jury.

¶28 Moreover, the District Court instructed the jurors that they were the sole judges of witness credibility and gave them guidance in how to judge the credibility of witnesses. The instructions also informed the jurors that, if they believed a witness testified falsely, they must disregard such false testimony and could view the remainder of that witness's testimony with distrust. Indeed, the jury's not guilty verdict on Count I indicates that the jury followed the court's instructions and found some of S.H.'s testimony not credible.

¶29 We conclude the District Court correctly determined that the inconsistencies between S.H.'s trial testimony and her prior statements went to the weight and credibility of her testimony, and was properly left to the jury. We hold, therefore, that the District Court did not err in denying Hicks' motions to dismiss.

¶30 *4. Did the State violate Hicks' constitutional right to due process by failing to provide him with discoverable information?*

¶31 During the State's redirect examination at trial, S.H. testified the prosecutor had suggested prior to trial that preparing a time line of the events that occurred on the date

12

in question might assist her in recalling the specific times in the day the events occurred. Defense counsel then questioned S.H. further regarding this time line and she stated she had written a five-page document recording her recollections about that day. S.H. further testified that, although she did not have the document with her at trial, she could bring it to defense counsel later that day. Defense counsel did not object to the State's failure to provide the defense with a copy of this document, and the record contains no further reference to this document. Additionally, the probation officer who prepared the PSI appended to the report a victim impact statement written by S.H. prior to trial, and given to her counselor and victim advocate. Hicks did not receive a copy of this statement until he received the PSI, but did not object to the State's failure to provide him with this statement earlier.

¶32 On appeal, Hicks argues that the State's failure to provide him with these two documents during pretrial discovery violates the State's disclosure obligations as set forth in § 46-15-322, MCA, and violates his due process rights, requiring either a new trial or dismissal of the case against him. The State responds that Hicks waived his right to raise this issue on appeal by failing to object in the District Court.

13

¶33 The failure to raise a timely objection during trial generally constitutes a waiver of that objection on appeal. Section 46-20-104(2), MCA. We will not consider on appeal issues not raised in the trial court because it is unfair to fault the trial court for any error which it was never given the opportunity to correct. *State v. Gouras*, 2004 MT 329, ¶ 26, 324 Mont. 130, ¶ 26, 102 P.3d 27, ¶ 26. As stated above, Hicks did not object in the District Court to the State's failure to disclose either of the two pretrial documents and, as a result, he has waived his right to raise this issue on appeal. Consequently, we refuse to address this issue further.

¶34 *5. Did the District Court abuse its discretion in denying Hicks' motion for a new trial?*

¶35 Hicks moved the District Court for a new trial based, in part, on his allegation that the jury applied an incorrect standard of proof during its deliberations and, as a result, failed to find him guilty beyond a reasonable doubt. At the hearing on his motion, Hicks called one of the jurors to testify regarding the jury's application of the beyond a reasonable doubt standard of proof. The State objected, asserting that the proposed juror testimony was improper under Rule 606(b), M.R.Evid. The District Court allowed the juror to testify, but limited Hicks' inquiry to only those topics

14

allowed under Rule 606(b). After hearing the juror's testimony and the parties' arguments, the District Court concluded Hicks had failed to present evidence that the jury applied an incorrect standard of proof and denied Hicks' motion for a new trial on that basis. Hicks asserts error. We generally review a district court's ruling on a motion for a new trial to determine whether the court abused its discretion. *State v. Clark*, 2005 MT 330, ¶ 39, 330 Mont. 8, ¶ 39, 125 P.3d 1099, ¶ 39.

¶36 Rule 606(b), M.R.Evid., provides that, when there is an inquiry into the validity of a verdict, "a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent or dissent from the verdict . . . or concerning the juror's mental processes in connection therewith." The Rule provides three exceptions to this general prohibition against a juror testifying:

> a juror may testify and an affidavit or evidence of any kind be received as to any matter or statement concerning only the following questions, whether occurring during the course of the jury's deliberations or not: (1) whether extraneous prejudicial information was improperly brought to the jury's attention; or (2) whether any outside influence was brought to bear upon any juror; or (3) whether any juror has been induced to assent to any general or special verdict, or finding on any

15

question submitted to them by the court, by a resort to the determination of chance.

¶37 At the hearing on his motion for a new trial, Hicks contended that the testimony he wished to elicit from the juror fell within the second and third exceptions in Rule 606(b). To that end, he asked the juror whether any outside influence may have effected the jury's decision and the juror responded no. He then asked the juror whether the jury resorted to any determination of chance in deciding to convict on one count and acquit on the other. The juror responded that "we, you know, all kind of went through all of the factors and stuff, and that's just what we decided. I mean, it wasn't just throw a coin in the air and say okay, we'll just go that way." The State objected to the remainder of Hicks' questions to the juror as being outside the scope of the Rule 606(b) exceptions and attempting to elicit improper testimony regarding the jury's mental processes and matters occurring during deliberations. The District Court sustained all of the State's objections. As a result, Hicks was unable to elicit any testimony from the juror regarding the standard of proof the jury applied in reaching its verdict.

¶38 Hicks contends that the District Court erred in limiting his questioning of the juror pursuant to Rule 606(b), M.R.Evid. He asserts that he "has a constitutional right to

16

have his guilt proven beyond a reasonable doubt, and the refusal to allow the juror to testify regarding the ultimate issue of the jury, the burden of proof, denies [him] his constitutional right to such a burden." He further asserts that such questioning does not violate the Rule 606(b) prohibition against testimony regarding the jury's mental processes during deliberation. However, Hicks provides no legal authority in support of this proposition as required by Rule 23(a)(4), M.R.App.P. Consequently, we conclude Hicks has not established that the District Court improperly limited his questioning of the juror, and decline to address this issue further.

¶39 We hold that the District Court did not abuse its discretion in denying Hicks' motion for a new trial.

¶40 *6. Did the District Court err in sentencing Hicks?*

¶41 We review a sentence in a criminal case for legality, determining whether the sentence is within statutory parameters. *State v. Ruiz*, 2005 MT 117, ¶ 8, 327 Mont. 109, ¶ 8, 112 P.3d 1001, ¶ 8. A district court's authority in sentencing a criminal defendant is defined and constrained by statute, and the court has no power to impose a sentence in the absence of specific statutory authority. *Ruiz*, ¶ 12. Consequently, "[a] sentence not based on statutory authority is an illegal sentence." *Ruiz*, ¶ 12.

17

¶42 Pursuant to § 45-5-503(2), MCA (2003), "[a] person convicted of sexual intercourse without consent shall be punished by life imprisonment or by imprisonment in the state prison for a term of not less than 2 years or more than 100 years and may be fined not more than $50,000 . . . ." In addition, § 46-18-201(3)(d)(i), MCA (2003), provides that a sentencing court may impose a sentence which includes commitment of the defendant to the DOC, but that "all but the first 5 years of the commitment to the [DOC] must be suspended . . . ."

¶43 The District Court sentenced Hicks to a 14-year commitment to the DOC and did not suspend any portion of the sentence. Hicks contends that his sentence is illegal because it violates the express provisions of the sentencing statutes. Hicks further asserts that, to remedy this illegality in his sentencing, we should modify his sentence to a 14-year commitment to the DOC with all but five years suspended. In response, the State concedes that the District Court imposed a sentence in excess of its statutory authority by not suspending any portion of Hicks' 14-year commitment to the DOC. It asserts, however, that the appropriate remedy in this instance is to remand to the District Court for resentencing.

¶44 We have refrained from adopting a single rule regarding the appropriate remedy for a partially illegal sentence.

18

Generally, where the illegal portion of a sentence relates to a condition of a suspended sentence or a sentence enhancement, we have vacated or remanded with instructions to strike the offending provision. *State v. Heath*, 2004 MT 58, ¶ 49, 320 Mont. 211, ¶ 49, 89 P.3d 947, ¶ 49. However, where the illegal portion of a sentence affects the entire sentence or we are unable to determine what sentence the trial court would have imposed under a correct application of the law, we generally remand for resentencing. *Heath*, ¶ 49. Thus, a determination of the appropriate remedy involves an examination of the sentence and record in each case. *Heath*, ¶ 49.

¶45 Here, the District Court imposed a lengthy, albeit illegal, sentence to the DOC. Because Hicks continued to deny committing the offense, the court ordered him to complete while incarcerated a sexual offender treatment program specifically designed to treat offenders who deny guilt. The court also ordered that, should he become eligible, Hicks must complete both Phase I and Phase II of the Montana State Prison sexual offender treatment program. The court further recommended that, while incarcerated, Hicks complete an evaluation by a neuropsychologist or neuropsychiatrist to determine the existence of possible mental or personality disorders, complete a chemical dependency evaluation, complete

a cognitive and behavioral modification program, and complete an anger management course dealing with violent criminal behaviors.  The reasons stated by the District Court for its sentence were the seriousness of the offense, the youth of the victim in comparison to Hicks' age, Hicks' extensive criminal history, his history of failed community supervision, his history of drug and alcohol abuse, his documented disrespect for the rules of the facility in which he was incarcerated while awaiting trial and sentencing, his attempted intimidation of the victim and her family, his uncontrolled anger and aggressive behaviors, and the interests of community safety in avoiding releasing an untreated convicted sex offender who refuses treatment.

¶46 It is apparent from the record before us that the District Court concluded a lengthy period of incarceration was necessary to control Hicks, as well as to provide him with the opportunity to receive appropriate evaluations and complete various treatment programs.  We are unable to determine, however, whether the District Court would consider a 14-year sentence, with 9 years suspended, an adequate period of incarceration to complete the recommended tasks.  As a result, we cannot discern what sentence the District Court would impose under a correct application of the sentencing statute and, as a result, we conclude the illegal portion of Hicks'

sentence affects the entirety of the sentence. We hold the District Court erred in sentencing Hicks to the DOC for a term of 14 years with no time suspended and, therefore, we reverse Hicks' sentence and remand for resentencing.

¶47 Finally, Hicks contends that he has not been given credit for time served in the Hill County detention center following the date of his sentencing. Because we are remanding this case to the District Court for resentencing, we conclude the District Court should address Hicks' concerns in this regard at resentencing.

¶48 Affirmed in part, reversed in part and remanded for resentencing.

/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ JAMES C. NELSON

21