DA 06-0065

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 247N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

GARRY D. GOLDEN,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DC 03-0674
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jim Wheelis, Chief Appellate Defender; Shannon McDonald
Assistant Appellate Defender, Helena, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Sheri K. Sprigg,
Helena, Montana

Dennis Paxinos, Yellowstone County Attorney; Ann Marie McKittrick,
Deputy County Attorney, Billings, Montana

Submitted on Briefs: May 16, 2007

Decided: September 26, 2007

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Garry D. Golden appeals from the judgment and sentence entered by the Thirteenth Judicial District Court, Yellowstone County, upon a jury verdict convicting him of the felony offense of sexual assault. We affirm.

¶3    The issue presented on appeal is whether the District Court erred in allowing multiple instances of inadmissible hearsay testimony, thereby placing undue weight on the testimony of one witness which prejudiced the jury.

**BACKGROUND**

¶4    In August of 2003, the State of Montana charged Golden by information with the felony offense of sexual assault. The case proceeded to trial in 2004 and, after the jury was unable to reach a verdict, the District Court declared a mistrial and ultimately set another trial date for 2005. At the 2005 trial, an eyewitness testified. The defense objected when the prosecution asked other witnesses to recall statements the eyewitness had made to them regarding what he saw, and when the prosecution asked a doctor to testify regarding statements made to her by the alleged victim's mother. The District Court overruled the objections.

¶5    The jury convicted Golden, and the District Court entered judgment and sentence. Golden appeals.

## DISCUSSION

¶6    *Did the District Court err in allowing multiple instances of inadmissible hearsay testimony, thereby placing undue weight on the testimony of one witness which prejudiced the jury?*

¶7    By framing the issue as set forth above, Golden characterizes certain testimony as inadmissible hearsay, and asserts the admission of the challenged testimony placed undue weight on the eyewitness' statements. We address these points in turn.

¶8    Like his statement of the issue, Golden's opening brief includes the phrase "inadmissible hearsay." It does not, however, advance any authorities or analysis regarding the hearsay testimony asserted to be inadmissible.

¶9    Pursuant to M. R. App. P. 23(a)(4), an appellant's brief must include an argument—that is, the party's contentions with regard to the issue "and the reasons therefor"—and must cite to supporting authorities. An appellant cannot carry the burden of establishing error on appeal without meeting these requirements, and it is not this Court's obligation to conduct legal research on a party's behalf or develop an argument supporting the party's position. *See State v. Hicks*, 2006 MT 71, ¶ 22, 331 Mont. 471, ¶ 22, 133 P.3d 206, ¶ 22 (citations omitted). Golden's opening brief meets neither requirement.

¶10    In his reply brief, Golden correctly asserts that the rules of evidence—specifically, M. R. Evid. 802—render hearsay inadmissible except as otherwise provided. He further asserts—again, correctly—that the rules of evidence are applicable in nearly all state and

3

federal courts in this country and "can be found in the Montana Code." These statements of the obvious have no relevance whatsoever to the briefing requirements adopted by this Court and reflected in the M. R. App. P. The statements also totally miss the point that the appellant bears the burden of establishing error on appeal. We decline to address the hearsay matter further.

¶11 Finally, even assuming *arguendo* that Golden had asserted a stand-alone "undue weight to the eyewitness' testimony" argument, the cases he advances do not support his position. *State v. Johnson*, 1998 MT 107, ¶¶ 49-53, 288 Mont. 513, ¶¶ 49-53, 958 P.2d 1182, ¶¶ 49-53, *State v. Mayes*, 251 Mont. 358, 373-74, 825 P.2d 1196, 1206 (1992), and *State v. Harris*, 247 Mont. 405, 416-18, 808 P.2d 453, 459-60 (1991) all concern trial courts' rulings on whether to submit a transcript or recording of a witness' testimony or statement to the jury during deliberations. On their face, these cases are readily distinguishable from the present case involving separate testimonies admitted before submission of the case to the jury.

¶12 We hold Golden has not established error by the District Court.

¶13 Affirmed.

/S/ KARLA M. GRAY

We concur:

4

/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS


Justice James C. Nelson dissents.

¶14    I dissent from the Court's decision.

¶15    I do not agree that Golden's appellate briefing is in violation of M. R. App. P. 23(a)(4). The briefing, taken in conjunction with the record, is adequate to reach the merits, and, in that respect, I would conclude that the trial court erred in allowing multiple instances of hearsay testimony over objection.

¶16    Once again, the criminal defendant is the one made to suffer for the performance of counsel and the trial court. Golden is constitutionally entitled to a fair trial. Mont. Const. art. II, § 24. Since Golden did not get a fair trial, I would give him his constitutional due.

¶17    I would reverse and remand for a new trial. I dissent.


                                                        /S/ JAMES C. NELSON