DA 07-0112

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 32N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

MAYNARD LEE DEAN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Glacier, Cause No. DC 06-015
Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Brad Aklestad, Attorney at Law, Shelby, Montana

       For Appellee:

       Hon. Mike McGrath, Attorney General; Jesse A. Laslovich, Assistant
Attorney General, Helena, Montana

       Larry D. Epstein, Glacier County Attorney, Cut Bank, Montana

Submitted on Briefs:  January 4, 2008

Decided:  February 5, 2008

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Maynard Lee Dean (Dean) appeals following the conviction for felony driving under the influence of alcohol. We affirm.

¶3 William Gobert, a retired police officer, and his wife, Glenda, contacted the Glacier County Sheriff's Office regarding a car accident. Glenda Gobert had picked up James Sumey (Sumey) near the accident. Glenda Gobert brought Sumey to her home where William Gobert soon arrived. Sumey explained to William Gobert what had happened at the accident. The Goberts and Sumey drove back to the scene of the wreck. On their way, the group encountered Dean, who was walking along the road. The Goberts picked up Dean and drove to the scene of the wreck.

¶4 William Gobert called the Glacier County Sheriff's Office to report the accident. Deputy Sorell England arrived at the scene soon after William Gobert's call. Deputy England saw two sets of footprints leaving from the wrecked vehicle. Another investigating officer, Deputy George Hall, also confirmed that he did not see anyone else at the scene of the wreck other than Dean and Sumey. Sumey told Deputy England that he was not driving the vehicle.

¶5      Montana Highway Patrolman Blaine Heavner attempted to conduct field sobriety tests on Dean. Dean refused all the tests except the Horizontal Gaze Nystagmus Test. Patrolman Heavner placed Dean under arrest for driving or being in actual physical control of the vehicle while under the influence of alcohol.

¶6      The State charged Dean with felony DUI. The District Court conducted a bench trial. Sumey testified, consistent with his statements, that he was not driving the vehicle. Sumey testified that Dean was driving the vehicle. Deputy England and Deputy Hall also testified that they saw no one else at the scene of the accident and that they saw only two sets of footprints leaving from the wrecked vehicle. The District Court found Dean guilty. Dean appeals.

¶7      Dean argues on appeal that the State failed to present sufficient evidence to support the court's determination that he was in actual physical control of the vehicle at the time of the accident. Dean argues that no evidence unequivocally places him behind the wheel. Dean points to testimony at the trial regarding events earlier in the day before the accident in which Dean, Sumey, and others were driving to parties and drinking alcohol. Dean points to the fact that he testified that he sat in the back seat of the car, that he did not have keys for the car after the accident, and that the driver's seat was in a position that did not fit Dean.

¶8      The State points out that Dean cannot argue seriously that missing keys and an adjusted driver's seat constitute bases for reversal. The State contends that Dean could not refute the testimony of his passenger, Sumey, and he could not refute the testimony of the Goberts, Deputy England, and Deputy Hall. The State contends that this testimony, taken collectively, provided the District Court a sufficient basis to find Dean guilty.

3

¶9     We review questions concerning the sufficiency of evidence to determine whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. York*, 2003 MT 349, ¶ 10, 318 Mont. 511, ¶ 10, 81 P.3d 1277, ¶ 10. We undertake a de novo review of the sufficiency of the evidence. *State v. Swan*, 2007 MT 126, ¶ 19, 337 Mont. 326, ¶ 19, 160 P.3d 511, ¶ 19. In conducting this de novo review, however, we recognize that the trier of fact fairly resolves conflicts in testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. *State v. Brown*, 239 Mont. 453, 457, 781 P.2d 281, 284 (1989). We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that in viewing the evidence in the light most favorable to the State, the State presented sufficient evidence to prove that Dean was in actual physical control of the vehicle at the time of the accident.

¶10    We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE