FILED

September 11 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0113

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 205N

PATTY LOVAAS,

       Plaintiff and Appellant,

  v.

STATE OF MONTANA, acting by and
through the DEPARTMENT OF REVENUE,

       Defendant and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fifth Judicial District, In and For the County of Beaverhead, Cause No. DV 11-13506 Honorable Loren Tucker, Presiding Judge |

COUNSEL OF RECORD:

       For Appellant:

       Patty Lovaas (self-represented); Missoula, Montana

       For Appellee:

       Courtney Jenkins, Senior Tax Counsel, Derek R. Bell,
       Special Assistant Attorneys General; Montana Department of
       Revenue, Helena, Montana

Submitted on Briefs:  August 22, 2012

Decided:  September 11, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This case arose from the Department of Revenue's value determination for taxation of property located in Beaverhead County, known as Elkhorn Hot Springs. The District Court dismissed Patty Lovaas' petition for judicial review of the decision of the State Tax Appeal Board and Lovaas appeals. We affirm.

¶3 Lovaas challenged the Department's market value determination before the Beaverhead County Tax Appeal Board, which held a hearing in June 2010, and upheld the Department. Lovaas appealed to the State Tax Appeal Board (STAB), which held a hearing in October 2010. The STAB concluded that Lovaas had failed to produce any relevant or probative evidence that the Department's value determination was in error. The STAB upheld the Department's valuation.

¶4 Lovaas then sought judicial review in the District Court in January 2011. She sought leave to present additional evidence but the District Court denied the motion because judicial review was limited to the evidence in the prior proceedings, and because the new evidence lacked foundation, contained hearsay and was largely irrelevant. Lovaas then filed her brief on judicial review, attaching documents not in the record. The

2

District Court entered a conditional order dismissing the petition for judicial review, but gave Lovaas another chance to present "something intelligible which the Court can review."

¶5 Lovaas filed an amended petition for judicial review, again including documents not in the record. The District Court dismissed the petition with prejudice, finding that Lovaas had again failed to "supply any logic or authority to support her conclusions" that the Department's valuations were wrong.

¶6 Lovaas appeals. As was the case with her proceedings before the STAB and the District Court, Lovaas fails to present any recognizable arguments or authority to support her appeal. A district court's decision is presumed to be correct, and the appellant has the burden to demonstrate that an error was made. *State v. Gomez*, 2007 MT 111, ¶ 33, 337 Mont. 219, 158 P.3d 442. This Court has no obligation to research a party's position or to develop a legal analysis to support it if the party fails to do so. *State v. Hicks*, 2006 MT 71, ¶ 22, 331 Mont. 471, 133 P.3d 206. In this case Lovaas fails to meet her burden to show that the District Court made an error. The issue discussions in her brief are terse and vague and contain no cogent argument or citation to authority. Consequently, Lovaas has failed to demonstrate in any way that the District Court improperly dismissed her petition for judicial review and is not entitled to any relief.

¶7 We have determined to decide this case pursuant to Section 1, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶8    It is manifest on the face of the briefs and the record that the District Court properly dismissed the petition for judicial review.

¶9    Affirmed.


/S/ MIKE McGRATH


We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ BETH BAKER