FILED

09/27/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0483

DA 21-0483

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 189N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JAMIE CAL FUSON,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Ninth Judicial District,
In and For the County of Pondera, Cause No. DC-19-17
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

      For Appellee:

          Austin Kundsen, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana

          Rosanne Lockhart, Pondera County Attorney, Conrad, Montana

Submitted on Briefs:  August 3, 2022

Decided:  September 27, 2022

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jamie Fuson (Fuson) appeals from the September 20, 2020 Order of the Ninth Judicial District Court denying his motion to suppress testimony he made in a civil divorce proceeding from being admitted in his criminal prosecution. The basis of Fuson's motion is that his attorney in the divorce proceeding rendered ineffective assistance. We affirm.

¶3     On July 9, 2018, the District Court held a hearing to address a motion filed by Fuson's ex-wife to set aside a property settlement agreement. Attorney Penelope Oteri represented Fuson in the proceeding. Fuson's ex-wife alleged that Fuson had misstated the value of a semitruck for that property agreement. Fuson testified at the hearing that he agreed to sell George Ackerson a semitruck. Fuson acknowledged that Ackerson paid a portion of the agreed-upon selling price but, after receiving Ackerson's initial payments, Fuson sold the truck to someone else and never refunded Ackerson.

¶4     On September 23, 2019, the State charged Fuson with theft based on his transaction with Ackerson. An affidavit in support of the charging documents referenced the testimony Fuson gave during the July 2018 dissolution hearing. Fuson filed a motion to suppress these statements, arguing they resulted from Oteri's ineffective assistance of counsel during the July 2018 dissolution hearing. Fuson asserted Oteri's ineffective assistance at

this hearing violated his constitutional due process rights, and such a violation required suppression of his statements in the criminal prosecution. The District Court denied Fuson's motion to suppress, noting that it was "not aware of any cases from any jurisdiction adopting this position."

¶5 We review a district court's denial of a motion to suppress to determine whether its findings of fact are clearly erroneous and whether its interpretation and application of the law is correct. *State v. Neiss*, 2019 MT 125, ¶ 13, 396 Mont. 1, 443 P.3d 435. We generally review a district court's evidentiary rulings for an abuse of discretion; however, to the extent that a discretionary ruling is based on a conclusion of law, this Court's review is de novo. *State v. Smith*, 2021 MT 148, ¶ 14, 404 Mont. 245, 488 P.3d 531.

¶6 In order to claim ineffective assistance of counsel, Fuson must first establish that he had a right to counsel in the first instance. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546 (1991) (holding there is no right to effective counsel in state discretionary or collateral proceedings because there is no right to counsel) *abrogated in part by Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012); *Wainwright v. Torna*, 455 U.S. 586, 102 S. Ct. 1300 (1982) (holding where there is no constitutional right to counsel there can be no deprivation of effective assistance of counsel). Although Fuson asserts he is entitled to make an ineffective assistance of counsel claim, he fails to establish the predicate condition that he had any right *at all* to counsel in the July 2018 dissolution proceeding. Fuson references other non-criminal cases in which we have held an individual has a right to effective assistance of counsel: parental termination and involuntary commitment. The distinguishing factor in both of those proceedings, of course, is that we have held there is

3

a constitutional right to counsel in parental termination and civil involuntary commitment proceedings. Fuson would have us make the unsupported leap of holding that "in civil proceedings, a claim of ineffective assistance of counsel can be raised and relief sought under the Due Process Clauses of the *Fifth* and *Fourteenth Amendments* and *Article II, section 17* of the Montana Constitution," even when there is no right to counsel in the first place. We decline to do so.

¶7 To the extent Fuson argues that the District Court violated his right to due process when it failed "to put a halt to the travesty of justice occurring in its courtroom" at the July 2018 dissolution hearing, Fuson cites to no legal authority requiring the District Court to determine whether testimony in a civil proceeding might expose a witness to criminal liability and then intervene sua sponte.[1] This Court does not "conduct legal research on appellant's behalf, [] guess as to his precise position, or [] develop legal analysis that may lend support to his position." *State v. Hicks*, 2006 MT 71, ¶ 22, 331 Mont. 471, 133 P.3d 206 (internal quotations and citation omitted); *see* M. R. App. P. 12(1)(g) (requiring the argument section of an appellant's brief to contain "citations to the authorities, statutes, and pages of the record relied on"). Having failed to establish that he had a right to counsel at the July 2018 dissolution proceeding or that the District Court was obligated to intervene sua sponte and halt his testimony, Fuson's ineffective assistance of counsel claim fails.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

---

[1] Although a great movie, Fuson's citation to the Aaron Sorkin classic, *A Few Good Men*, does not count as legal authority.

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court did not err when it denied Fuson's motion to suppress. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR