No. 92-076

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

DELL E. TYLER and RICHARD SHUBERT,
d/b/a CABIN BAR AND MOTEL,

      Plaintiffs and Appellants,

-vs-

FIREMAN'S FUND INSURANCE COMPANY,

      Defendant and Respondent.

FILED

NOV 12 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Douglas G. Skjelset, Skjelset Law Offices, Missoula,
          Montana

      For Respondent:

          John E. Bohyer, Crowley, Haughey, Hanson, Toole
          & Dietrich, Billings, Montana

Submitted on Briefs:  July 30, 1992

Decided:  November 12, 1992

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal by plaintiff Richard Shubert of an order of the Fourth Judicial District Court granting the defendant's motions for summary judgment on Shubert's claim for breach of the covenant of good faith and fair dealing and on defendant's counterclaim for restitution in the amount of $276,381.41. We affirm.

There are two issues on appeal:

1. Did the District Court err in granting defendant's motion for summary judgment on plaintiff's claim of bad faith?

2. Did the District Court err in granting defendant's motion for summary judgment on defendant's counterclaim for restitution?

The Cabin Bar and Motel, owned by Dell E. Tyler and Richard Shubert as partners, was destroyed by fire. Investigation by the Missoula Fire Department and the insurer, Fireman's Fund (Fireman's) followed. Fireman's did not make payments to the partners for their losses until six months later when Tyler and Shubert threatened to file a bad faith action. Thereafter, Fireman's paid the partners $276,381.41.

Tyler and Shubert filed a bad faith claim against Fireman's under the Montana Unfair Trade Practices Act. The defendant filed its initial answer and filed an amended answer after learning that the fire was caused by arson by one of the partners, Dell E. Tyler. Later, the defendant filed a motion for summary judgment on a bad faith claim and on its counterclaim for restitution.

Dell E. Tyler filed a response to defendants' motion for summary judgment. In this response, he agreed that the bad faith

2

claim should be dismissed as it pertained to him. He also agreed that Fireman's was entitled to a judgment against him on the issue of restitution. A hearing on the motion for summary judgment as it pertained to Shubert, was held and the District Court issued its order and judgment. A motion by Shubert to reconsider the judgment concerned only the issue of the restitution counterclaim. The motion was denied and this appeal followed.

"Under Rule 56(c), M.R.Civ.P., summary judgment is proper if the record discloses no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. (citation omitted.) In reviewing a motion for summary judgment, we view the evidence in the light most favorable to the party opposing the motion. (citation omitted.)" Kaseta v. Northwestern Agency of Great Falls (1992), ___ Mont. ___, ___ P.2d ___, 49 St. Rep. 183, 184.

I.

Shubert contends that there are multiple issues of fact and law present in this case so it was improper for the District Court to grant summary judgment. Moreover, he argues that the District Court erred in awarding summary judgment to Fireman's on Shubert's bad faith claim and Fireman's counterclaim for restitution. Defendant Fireman's counters that the bad faith claim in settling the insurance claim cannot exist where the cause of the fire was arson and that arson voided the insurance policy. Further, it states that Fireman's was fraudulently induced to pay the losses and restitution is the appropriate recourse.

3

Fireman's cites Woodhouse v. Farmer's Union Mut. Ins. Co. (1990), 241 Mont. 69, 785 P.2d 192, as determinative of this action. We agree. In Woodhouse, a woman attempted to recover from her insurance company for personal possessions lost in a trailer fire. Patricia Woodhouse was coinsured with her ex-husband on the trailer awarded to him during their divorce action. She still had many possessions in the trailer when her ex-husband intentionally burned the trailer, causing a total loss.

Woodhouse filed a claim for the loss of her possessions but the insurance company concluded that coverage was precluded because the fire had been intentionally set. Farmer's policy read:

> We do not insure for loss caused directly or indirectly by any of the following...h. Intentional Loss, meaning any loss arising out of any act committed: (1) by or at the direction of an insured; and (2) with the intent to cause a loss.

Woodhouse, 785 P.2d at 193. The Court agreed with Farmer's that the meaning of the contract was clear. Alan Woodhouse, the ex-husband, was an "insured" and his act was intentional. Therefore, coverage was precluded for him and Patricia, his coinsured.

The policy provision at issue here states:

> This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto. (Page 1 of Standard Form Fire Insurance Policy).

The policy also states:

> F. Perils Excluded. The property coverage does not insure against loss caused by, resulting from, contributed to or aggravated by:

4

(11) Any fraudulent, dishonest or criminal acts done by or at the instigation of <u>any insured, partner, or joint adventurer in or of any insured</u>, an officer, director, or trustee of any insured...

(Page 3 of Commercial Property Coverage Policy).

This language is clear and unambiguous. "The property coverage does not insure against loss caused by...criminal acts done by...any insured, partner...." Coverage is precluded because of the arson committed by Dell E. Tyler, the partner of Richard Shubert. "An innocent co-partner [can] not recover under a policy where arson was committed by a partner because the language of the policy specifically barred recovery...." <u>Woodhouse</u>, 785 P.2d at 193.

Fireman's argues that the bad faith claim is barred because the cause of the fire was arson. We stated in Britton v. Farmer's Ins. Group (1986), 221 Mont. 67, 73, 721 P.2d 303, 307, "[a]s to the insured..., the failure of the insurer to comply with Section 33-24-102, MCA would be unimportant if in fact Britton had committed arson to cause the loss for then he would not be entitled to coverage in any event." Here, where the cause of the fire was arson, there can be no bad faith action and the District Court was correct in granting summary judgment to the Defendant.

II.

Fireman's argues that it is at least as innocent as Shubert and therefore restitution is appropriate. Fireman's cites McDonald v. Northern Ben. Ass'n (1942), 113 Mont. 595, 131 P.2d 479, for the proposition that when an insurer has paid a claim for loss under a mistake of fact, it is entitled to recover the amount paid. In

5

*McDonald*, the plaintiff's husband obtained a certificate for death benefits from defendant, a mutual benefit association. He maintained in the application that he was in good health and had not consulted a doctor within the past five years, both statements being false. Shortly after McDonald's death, the defendant made a partial payment to the deceased's beneficiary, his wife. The beneficiary then brought an action against the defendant for recovery of the rest of the benefits. Defendant answered that the statements given were false. The written application, expressly made a part of the contract stated: "I also agree ...that no liability shall exist against the Ass'n. if any of the answers to the above questions relative to my health on the date below are found to be untrue." *McDonald*, 131 P.2d at 483.

The Court concluded that:

> "[t]here is no doubt that a party is entitled to sue and recover money which he has paid by mistake of fact, or of mingled fact and law, and which the receiver ought not, in equity and good conscience, to retain....The fact that the second payment of $50 was made after the defendant had some reason to suspect the falsity of the answers to the questions concerning the member's health, does not affect the defendant's right to recover the money, not in itself having the elements of an estoppel, or of a waiver, which latter consists of the intentional relinquishment of a known right...and not apparently having caused plaintiff to change her position for the worse so as to entitle her in equity and good conscience to keep the money."

*McDonald*, 131 P.2d at 486-487.

The partners obtained the insurance proceeds based on a fraud, even though Shubert was unaware of the fraud. Under the insurance contract, the policy was void and the partners were not entitled to any of the payments made on the insurance loss. Fireman's may

6

recover the money paid for the fraudulent claim.

Shubert argues that he has had a change of circumstances and therefore should not be required to pay restitution to the insurance company. He cites the Restatement of Restitution to support his argument. Section 142, Restatement of Restitution states that:

> (1) The right of a person to restitution from another because of a benefit received is terminated or diminished if, after the receipt of the benefit, circumstances have so changed that it would be inequitable to require the other to make full restitution.
> (2) Change of circumstances may be a defense or a partial defense if the conduct of the recipient was not tortious and he was no more at fault for his receipt, retention or dealing with the subject matter than was the claimant.

Restatement of Restitution § 142.

Shubert states in his brief that the insurance "proceeds received from Respondent in this matter were used to discharge the outstanding debts of the partnership," and therefore are a change of circumstances. However, Comment b to Section 142 provides for exceptions to the general rule. Comment b states:

> Where money has been paid which the payee has used for the payment of debts incurred prior to its receipt, such payment of debts does not constitute a change of circumstances which would prevent restitution by him.

Under comment b to § 142, the use of the insurance proceeds falls within the exception to "change of circumstances" and this argument falls.

Finally, § 35-10-307, MCA, reads as follows: "All partners are liable...(2) jointly for all other debts and obligations of the partnership...." The District Court correctly concluded that Shubert, as a partner, albeit an innocent partner, is liable for

7

restitution for the insurance proceeds.

Shubert argues that laches, waiver and equitable estoppel apply to this case and warrant reversing the District Court judge's order. These issues were not briefed or argued in the lower court and thus are not appropriate for review. Shubert's answer to Fireman's counterclaim claims that his third defense to the counterclaim was laches and his fourth defense was estoppel. Waiver was not even pled by Shubert. Other than these contentions, there is no real argument or discussion regarding these issues. They are not addressed at all by the lower court in its opinion. "This Court will not consider for the first time on appeal an issue which was not raised in the District Court." Keller v. Dooling (1991), 248 Mont. 535, 540, 813 P.2d 437, 441. See also Merriman v. Merriman (1991), 247 Mont. 491, 496, 807 P.2d 1351, 1354.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8

November 12, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


DOUGLAS G. SKJELSET
Attorney at Law
P.O. Box 4102
Missoula, MT 59806-4102

John E. Bohyer, Esq.
Crowley, Haughey, Hanson, Toole & Dietrich
P. O. Box 2529
Billings, MT 59103-2529


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy