No. 01-334

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 150

STATE OF MONTANA,

      Plaintiff and Respondent,

   v.

WILLIAM BAILEY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. BDC-00-189(C),
Honorable Kenneth R. Neill, Judge Presiding

COUNSEL OF RECORD:

      For Appellant:

          Carl B. Jensen, Attorney at Law, Great Falls, Montana

      For Respondent:

          Honorable Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

          Brant Light, County Attorney; Susan Weber, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:   March 28, 2002

Decided:   June 3, 2003

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Appellant William Bailey (Bailey) appeals from the jury verdict and sentence entered by the Eighth Judicial District Court, Cascade County, finding Bailey guilty of robbery, a felony, and theft, a misdemeanor. We affirm.

¶2     Whether the jury had sufficient evidence to convict Bailey of robbery is the sole issue presented on appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On May 1, 2000, the State of Montana filed an Information charging Bailey with robbery, a felony in violation of § 45-5-401(1)(b), MCA; assault with a weapon, a felony in violation of § 45-5-213(1)(b), MCA; and theft, a misdemeanor in violation of § 45-6-301(1)(c), MCA.

¶4     On April 18, 2000, Michael Mullin (Mullin) and Ryan Terry (Terry) were walking home from ShopKo in Great Falls, Montana, when they encountered two intoxicated males walking toward them, one of whom Mullin later identified as Bailey. As Mullin and Terry passed the two individuals, Bailey began questioning Mullin about the leather jacket he was wearing. Bailey and the other individual allowed Terry to continue walking, but stopped Mullin. Bailey asked Mullin if he could have the jacket. Mullin told Bailey he could not have the jacket but offered Bailey a compact disc instead. Bailey brandished a knife and ordered Mullin to give him the leather jacket. While brandishing the knife, Mullin testified that Bailey stated, "give me your jacket or else I'm going to kill you." Fearing that Bailey would kill him, Mullin surrendered the jacket.

2

¶5     Mullin then ran home and called the police. Based on the physical description given by Mullin and Terry, officers were able to locate Bailey. Bailey admitted to coming in contact with Mullin and Terry and trying on the leather jacket. After being arrested and read his Miranda rights, Bailey asked whether the police would drop the charges if he returned the jacket. Bailey denied pulling a knife or threatening Mullin's life. Terry testified that he was about ten feet away from the incident, but never saw Bailey brandish a knife. The police never located the knife.

¶6     On October 17, 2000, at the conclusion of trial, the jury returned verdicts of guilty on the robbery count and the theft count, and a verdict of not guilty on the count of assault with a weapon. The District Court entered judgment and sentence on March 27, 2001, sentencing Bailey to twenty-five years in the Montana State Prison with five years suspended on the robbery conviction, and six months on the theft conviction, which was ordered to run concurrently with the robbery sentence. Bailey appeals his conviction.

**STANDARD OF REVIEW**

¶7     This Court reviews the sufficiency of the evidence to determine whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Lantis*, 1998 MT 172, ¶ 32, 289 Mont. 480, ¶ 32, 962 P.2d 1169, ¶ 32.

## DISCUSSION

¶8 Bailey argues that the State failed to provide sufficient evidence to prove beyond a reasonable doubt that he was guilty of robbery, because the jury found him not guilty of assault with a weapon.

¶9 The offense of robbery is defined in § 45-5-401(1)(b), MCA, as follows:

> (1) A person commits the offense of robbery if in the course of committing a theft, the person:
> ...
> (b) threatens to inflict bodily injury upon any person or purposely or knowingly puts any person in fear of immediate bodily injury.

Theft is defined as:

> (1) A person commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner and:
> ...
> (c) uses, conceals, or abandons the property knowing that the use, concealment, or abandonment probably will deprive the owner of the property.

Section 45-6-301(1)(c), MCA. The offense of assault with a weapon is defined as:

> (1) A person commits the offense of assault with a weapon if the person purposely or knowingly causes:
> (a) bodily injury to another with a weapon; or
> (b) reasonable apprehension of serious bodily injury in another by use of a weapon or what reasonably appears to be a weapon.

Section 45-5-213(1), MCA.

¶10 Bailey asserts that since the assault was an underlying requirement for the conviction of the robbery, the conviction should be overturned. Bailey claims it is inconsistent to convict someone of robbery and acquit the same person on assault with the same evidence.

4

According to Bailey, the only evidence presented that an assault or a threat of violence occurred was the testimony of Mullin, and because the jury acquitted Bailey of assault, the charge involving a knife, the jury must not have believed Mullin's testimony regarding the knife. Because no other evidence was presented to establish that Bailey assaulted Mullin, Bailey argues that the verdict was inconsistent and there was insufficient evidence to support the guilty verdict on the robbery charge.

¶11 However, an analysis of the elements of these charges demonstrates that the verdicts rendered by the jury were not necessarily inconsistent. To prove robbery, the State had to show that Bailey, in the course of committing a theft, threatened to inflict bodily injury upon Mullin or purposely or knowingly put him in fear of immediate bodily injury. *See* § 45-5-401(1)(b), MCA. Bailey was also charged with assault *with a weapon*. Proving that charge required proof that Bailey had caused reasonable apprehension of serious bodily injury in Mullin, and also required proof that Bailey had done so by use of a weapon or what appeared to be a weapon. *See* § 45-6-301(1)(c), MCA. Therefore, the elements of these offenses are not identical. It was entirely possible, for example, for the jury to have believed Mullin's testimony that Bailey had threatened him (Mullin) while forcefully taking the jacket, but also believed Bailey's testimony that there was no knife, which was consistent with Terry's testimony of not seeing a knife, and the police's inability to locate a knife. Thus, the jury could have acquitted Bailey of assault with a weapon, and yet convicted him of robbery, which does not require a weapon. Such a result does not constitute an "inconsistent verdict."

5

¶12    However, speculation about the jury's intention is not necessary. Although the verdicts here were not necessarily inconsistent, an inconsistent criminal verdict does not require speculation about the jury's intention, as "[a] general principle of law is that consistency in criminal verdicts is unnecessary." *State v. Fitzpatrick* (1977), 174 Mont. 174, 191, 569 P.2d 383, 395; *Dunn v. United States* (1932), 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356. The United States Supreme Court has cautioned about engaging in such speculation about a jury's criminal verdict:

> We also reject, as imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them. Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake. . . . Courts have always resisted inquiring into a jury's thought processes, [citations omitted]; through this deference the jury brings to the criminal process, in addition to the collective judgment of the community, an element of needed finality.
>
> . . . .
>
> [W]e note that a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts. This review should not be confused with the problems caused by inconsistent verdicts. Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt.

*United States v. Powell* (1984), 469 U.S. 57, 66-67, 105 S.Ct. 471, 477-78, 83 L.Ed. 2d 461, 470-71.

¶13    Thus, the question is not whether a criminal jury's verdict is inconsistent, but whether the verdict is supported by sufficient evidence. Here, much of the State's case rested upon

6

Mullin's testimony, which was sufficient, by itself, to establish all of the elements of robbery. This Court has consistently held:

> The testimony of one witness is sufficient to prove a fact. . . . Additionally, the weight and credibility of witnesses are exclusively the province of the trier of fact. In the event of conflicting evidence, it is within the province of the trier of fact to determine which will prevail.

*State v. Merrick*, 2000 MT 124, ¶ 13, 299 Mont. 472, ¶ 13, 2 P.3d 242, ¶ 13; *State v. Santos* (1995), 273 Mont. 125, 131, 902 P.2d 510, 514; and *State v. Flack* (1993), 260 Mont. 181, 189, 860 P.2d 89, 94.

¶14 Given the evidence presented at trial, we find there was sufficient evidence for a rational trier of fact to find the essential elements of robbery beyond a reasonable doubt. Therefore, we will not disturb the jury's verdict.

¶15 Affirmed.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM REGNIER