No. 04-396

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 26

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

BRADLEY DENHAM,

        Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DC 02-0726,
The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Kris Copenhaver-Landon, Deputy Public Defender, Yellowstone County
Public Defender's Office, Billings, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

                Dennis Paxinos, Yellowstone County Attorney; David Carter, Deputy
County Attorney, Billings, Montana

Submitted on Briefs: January 25, 2005

Decided: February 15, 2005

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Bradley Denham (Denham) appeals from the portion of the sentence and judgment imposed by the Thirteenth Judicial District Court, Yellowstone County, that included restitution requirements and associated fees. We affirm.

¶2 We must address whether the District Court properly complied with §§ 46-18-244, 46-18-236, 46-23-1031, and 3-1-317, MCA, when it delegated the scheduling of monthly restitution payments to Denham's probation officer and refused to waive associated administrative fees.

## BACKGROUND

¶3 Denham stole more than $60,000 from his employer by altering and reporting fraudulent sales transactions. The State and Denham entered into a plea agreement whereby Denham pled guilty to felony theft by common scheme and the State recommended that Denham be committed to the Department of Corrections for a term of ten years, with six years suspended, plus restitution of $60,099.

¶4 The presentence investigation report (PSI) detailed Denham's past involvement with thefts and bad checks and outlined Denham's financial background and future employment prospects. The District Court imposed the recommended sentence after Denham took responsibility for the theft and repeatedly assured the District Court that he could make restitution at the rate of $500 per month. The District Court delegated responsibility for setting Denham's restitution schedule to his probation officer pursuant to § 46-18-244(6), MCA (2003). The District Court refused to waive administrative fees associated with the

2

restitution pursuant to §§ 46-18-236, 46-23-1031, and 3-1-317, MCA. Denham appeals.

STANDARD OF REVIEW

¶5      We review a criminal sentence for legality only; that is, whether the sentence falls within statutory parameters. *State v. Heath*, 2004 MT 126, ¶ 13, 321 Mont. 280, ¶ 13, 90 P.3d 426, ¶ 13. A trial court's statutory interpretation presents a question of law that we review to determine whether it is correct. *State v. Hall*, 2004 MT 106, ¶ 7, 321 Mont. 78, ¶ 7, 88 P.3d 1273, ¶ 7 (citations omitted).

DISCUSSION

¶6      Denham concedes the District Court appropriately specified $60,099 as the total amount of restitution as part of his sentence. Denham correctly points out that the law in effect at the time of the commission of the offense controls the possible sentence imposed. *State v. Brister*, 2002 MT 13, ¶ 26, 308 Mont. 154, ¶ 26, 41 P.3d 314, ¶ 26. Denham argues that because § 46-18-244(6), MCA (2003), was not in effect at the time he committed the theft, the District Court erred when it delegated the scheduling of monthly restitution payment amounts to his probation officer.

¶7      A modification in procedure to carry out a duty, however, does not constitute retroactive legislation. *Castles v. State ex rel. Mont. Dept. of Highways* (1980), 187 Mont. 356, 360, 609 P.2d 1223, 1225 (citations omitted). Section 46-18-244(6), MCA (2003), is purely procedural; it provides that, for a felony offense, "[d]uring any period that the defendant is on probation or parole, the probation and parole officer shall set a monthly restitution payment amount[.]" The sentencing court still specifies the amount of restitution

3

to be paid. The amendment merely transfers the duty to set the monthly restitution payment amount from the district court to the probation officer.

¶8 The end result remains the same: Denham must pay $60,099 in restitution to his victim. The amendments impaired none of his rights and did not impose additional duties upon Denham. *See Wright v. Mahoney*, 2003 MT 141, ¶ 7, 316 Mont. 173, ¶ 7, 71 P.3d 1195, ¶ 7 (noting that changes in procedure that do not affect substantial rights do not implicate the prohibition against *ex post facto* laws). Therefore, we conclude the District Court properly followed the procedure set up in § 46-18-244(6), MCA (2003), when imposing the restitution obligation upon Denham and directing his probation officer to set the schedule.

¶9 Moreover, in the event Denham's monthly restitution payment proves unworkable for his situation, the statutory scheme still provides that he may petition the sentencing court to adjust or waive payment. Section 46-18-246, MCA. This process applies regardless of whether the District Court or Denham's probation officer sets the restitution schedule. Denham has yet to request this procedure.

¶10 Denham also argues that he should not have to pay the statutorily mandated fee, surcharge, and supervision fee associated with his restitution payments in light of the large amount of restitution owed and his lack of income at the time of sentencing. We reject this argument. The District Court assessed Denham's ability to pay and considered these fees when sentencing Denham. Denham further assured the District court of his ability to pay the $60,099 restitution and, therefore, it seems reasonable to assume that he has the ability to pay

4

the ten percent administration fee on that amount as well as the other minimal surcharges.

¶11    For the foregoing reasons, we conclude that the District Court correctly applied §§ 46-18-244, 46-18-236, 46-23-1031, and 3-1-317, MCA, in allowing Denham's parole officer to set a monthly restitution payment schedule and refusing to waive the associated administrative fees.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE