No.05-401

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 126

_____

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

TIMOTHY BORSBERRY,

       Defendant and Appellant.

_____

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark, Cause No. CDC 05-32
                The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Palmer A. Hoovestal, Hoovestal Law Firm, PLLC, Helena, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Joslyn M. Hunt, Assistant
          Attorney General, Helena, Montana

          Leo Gallagher, County Attorney; Helena, Montana

_____

                   Submitted on Briefs:  April 26, 2006

                         Decided:  June 6, 2006

Filed:

             _____
                    Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Timothy Borsberry (Borsberry) appeals his conviction from the First Judicial District, Lewis and Clark County, for felony insurance fraud/theft (insurance fraud) in violation of §§ 33-1-1202(1), MCA, and 45-6-301(6)(a), MCA. We affirm.

¶2 Borsberry presents the following issues on appeal:

¶3 1. Whether the State presented sufficient evidence for a jury to find Borsberry guilty of insurance fraud.

¶4 2. Whether the District Court properly sentenced Borsberry to pay restitution.

### FACTUAL AND PROCEDURAL BACKGROUND

¶5 Borsberry rolled his 1995 Mustang GT in an accident on I-15 just north of the Capitol interchange in Helena. Borsberry called Allstate Insurance Company (Allstate), his insurance provider, and filed a claim over the phone. Carla Lueck (Lueck), an Allstate claims adjuster, interviewed Borsberry regarding the accident. Borsberry told Lueck that shortly after he merged onto I-15 a black car cut him off. He estimated that he and the other car were traveling approximately 65 miles per hour. Borsberry claimed that the other car forced him to slam on his brakes and as a result he slid into the borrow pit to avoid rear-ending the other car. Borsberry told Lueck that the driver of the black car did not stop and that he did not know who the occupants were, but that the police knew the driver's name. Borsberry told Lueck that the driver of the black car caused the accident by cutting him off.

¶6 The conversation between Borsberry and Lueck provided the only statements Borsberry made to Allstate in support of his claim. Allstate paid Borsberry's claim for

2

medical and property damages under a reservation of rights in the amount of $22,997.52. Borsberry's policy contained a standard provision that allowed Allstate to void the policy if Borsberry were to make a fraudulent claim. The policy also contained an exclusion for any payment of benefits for losses arising out of a speed contest.

¶7 Officer Joe Cohenour of the Montana Highway Patrol responded to the scene of the accident. His investigation revealed that Jeremy Houchin (Houchin) was the driver of the black car, a 2003 Mitsubishi Evolution 8. Officer Cohenour learned that Houchin and Borsberry had met in the Capitol Hill Mall (mall) parking lot and discussed their cars moments before the accident. Houchin told Officer Cohenour that Borsberry was revving his engine and tailgating Houchin's car as they merged onto the interstate. Houchin stated that Borsberry lost control of his car as both cars moved into the left lane of the interstate. Officer Cohenour concluded that the cars were involved in a speed contest when Borsberry rolled his Mustang.

¶8 The State charged Borsberry with criminal endangerment, a felony in violation of § 45-5-207, MCA, insurance fraud or, alternatively, attempted insurance fraud, felonies in violation of §§ 33-1-1202(1) and 45-6-301(6)(a), MCA, and providing false reports to law enforcement authorities, a misdemeanor in violation of § 45-7-205(1)(a), MCA. The State based the criminal endangerment charge on Borsberry's alleged act of engaging in a speed contest with Houchin on I-15. The State based the insurance fraud charge on Borsberry's allegedly having knowingly or purposefully presented a false or misleading statement to Allstate for the purpose of obtaining money or benefit.

¶9 Borsberry entered a plea of not guilty to all counts and requested a jury trial.

3

Borsberry testified that he was not racing with Houchin at the time of the accident. Borsberry further testified that he did not provide any information about the mall parking lot conversation with Houchin to Allstate because he did not think that the conversation was relevant to the accident as he was not racing Houchin. Houchin testified that he talked with Borsberry in the mall parking lot about their respective cars and that Borsberry said that they should "hit the road and see what they got." Houchin further testified that both cars were traveling approximately 100 miles per hour when Borsberry lost control and flipped his Mustang.

¶10 The jury acquitted Borsberry of providing false reports to law enforcement authorities and of criminal endangerment, but found him guilty of insurance fraud. Borsberry filed a motion for a new trial or to change the verdict. He argued that the State failed to present sufficient evidence to the jury for it to find him guilty of insurance fraud. The District Court denied the motion. The District Court sentenced Borsberry to a deferred sentence, not to exceed six years, and to pay $22,997.52 in restitution to Allstate. Borsberry appealed.

**STANDARD OF REVIEW**

¶11 We review a question on the sufficiency of the evidence to determine whether, in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Kelley*, 2005 MT 200, ¶ 17, 328 Mont. 187, ¶ 17, 119 P.3d 67, ¶ 17. We review a criminal sentence for legality only; that is, whether the sentence falls within the statutory parameters. *State v. Denham*, 2005 MT 26, ¶ 5, 326 Mont. 24, ¶ 5, 107 P.3d 1263, ¶ 5. We review a district

4

court's evidentiary ruling for an abuse of discretion. *State v. Grixti*, 2005 MT 296, ¶ 14, 329 Mont. 330, ¶ 14, 124 P.3d 177, ¶ 14.

## DISCUSSION

¶12   1. *Whether the State presented sufficient evidence for a jury to find Borsberry guilty of insurance fraud.*

¶13   Montana Code Annotated § 45-6-301(6)(a) provides that a "person commits the offense of theft when the person purposefully or knowingly commits insurance fraud as provided in 33-1-1202 . . . ." A person commits insurance fraud under § 33-1-1202(1), MCA, when that person "for the purpose of obtaining any money or benefit, presents . . . to any insurer . . . any written or oral statement . . . containing false, incomplete, or misleading information concerning any fact or thing material to, as part of, or in support of a claim for payment . . . pursuant to an insurance policy . . . ."

¶14   Borsberry argues that the State failed to present sufficient evidence to support his conviction for insurance fraud. He asserts that the State failed to establish that he provided incomplete information to Allstate because the jury found him not guilty of criminal endangerment for engaging in a speed contest. Borsberry maintains that the jury's acquittals on the criminal endangerment charge and the providing false information to law enforcement authorities charge equate to the jury's finding that Borsberry was not engaged in a speed contest at the time of the accident. Borsberry further argues that the jury's inconsistent verdicts require the Court to vacate his insurance fraud charge or, alternatively, to remand for a new trial on that charge.

¶15   We do not require consistency in criminal verdicts. *Kelley*, ¶ 25. Juries may

5

convict on one count and acquit on another, where it is also within their province to convict on both counts on the same evidence. *Kelley*, ¶ 26. When juries reach inconsistent verdicts, "[t]he most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt." *United States v. Powell* (1984), 469 U.S. 57, 64-65, 105 S.Ct. 471, 476, 83 L.Ed.2d 461. Inconsistent verdicts instead may represent a demonstration of the jury's leniency. *State v. Bailey*, 2003 MT 150, ¶ 12, 316 Mont. 211, ¶ 12, 70 P.3d 1231, ¶ 12; *Powell*, 469 U.S. at 65, 105 S.Ct. at 476. Similarly, where the State charges separate acts in an information and each act constitutes a separate offense, an acquittal or conviction on one or more counts does not affect the other counts. *Kelley*, ¶ 26. An acquittal resulting from the State's failure to prove an element of a crime cannot be considered tantamount to an affirmative proposition that the defendant did or did not engage in any particular act. *Kelley*, ¶ 28.

¶16 We address not whether a jury rendered an inconsistent verdict, but whether sufficient evidence supports the jury's verdict. *Bailey*, ¶ 13. Borsberry argues that the conversation in the mall parking lot was the only information he left out of his statement to Lueck. He further asserts that this conversation was not material to his insurance claim and that his failure to tell Lueck about the conversation cannot provide sufficient evidence to sustain an insurance fraud conviction because the jury determined that he was not engaged in a speed contest.

¶17 The State presented the jury with evidence that Borsberry and Houchin were engaged in a speed contest and that Borsberry did not disclose fully the details of the

6

accident to Allstate. Houchin testified that Borsberry approached him in the mall parking lot and suggested that the two "hit the road and see what they got." Houchin further testified that he and Borsberry drove to the interstate with Borsberry revving his engine and tailgating Houchin's car. Houchin told the jury that the cars were traveling in excess of 100 miles per hour at the time that Borsberry lost control and flipped his car. Houchin stated that he stopped his car at the scene of the accident to check on Borsberry and that he noticed a road rash injury to Borsberry's hand. Houchin claimed that Borsberry told him that the accident was Borsberry's own fault and that Houchin should leave the scene. The State presented a photograph of Borsberry's hand that depicted the road rash injury that Houchin testified to observing.

¶18 One of Houchin's passengers, Justin Grosfield, corroborated Houchin's claim that the cars were traveling between 80 to 100 miles per hour. Grosfield testified that he looked out the rear window of Houchin's car and saw Borsberry lose control and flip his car. He further testified that Houchin pulled over at the scene of the accident and that Borsberry and Houchin spoke after witnesses helped Borsberry out of the car.

¶19 Borsberry, on the other hand, testified that Houchin approached him in the mall parking lot and asked if he wanted to race. Borsberry claimed that he declined Houchin's invitation to race and proceeded to leave the mall. He further testified that as he was merging into the left lane of I-15 at approximately 60 to 70 miles per hour, Houchin's car appeared "out of no where," cut him off, and caused him to crash. He further testified that Houchin did not stop to offer assistance and that he never spoke to Houchin after the accident.

7

¶20 Conflicting testimony does not render the State's evidence insufficient to support a guilty verdict. *State v. Shields*, 2005 MT 249, ¶ 19, 328 Mont. 509, ¶ 19, 122 P.3d 421, ¶ 19. Determining the credibility of witnesses and the weight given to their testimony lies exclusively within the province of the jury. *Shields*, ¶ 19. The jury views firsthand the evidence presented, observes the demeanor of the witnesses, and weighs the credibility of each party. *Shields*, ¶ 20. We will not substitute our judgment for that of the jury in cases where we consider the sufficiency of the evidence. *Shields*, ¶ 20.

¶21 Viewing the evidence in a light most favorable to the prosecution, the jury rationally could have determined that Borsberry provided Allstate with incomplete information regarding his accident. *Kelley*, ¶ 17. The State presented evidence that Borsberry discussed racing his car with Houchin, and that the two of them proceeded to engage in a speed contest on the interstate. Borsberry failed to disclose this information to Lueck. The jury's acquittals on the criminal endangerment charge and the providing false information to law enforcement authorities charge does not affect the insurance fraud charge. *Kelley*, ¶ 26. The jury's acquittals on those charges likewise do not equate to the jury's affirmative finding that Borsberry did not engage in a speed contest. *Kelley*, ¶ 28. We therefore conclude that the State presented sufficient evidence to support the jury's verdict.

¶22 2. *Whether the District Court properly sentenced Borsberry to pay restitution.*

¶23 Borsberry next contends that the District Court erred in sentencing him to pay restitution because he did not defraud Allstate. Borsberry argues that Allstate is not a victim that has suffered a pecuniary loss as it was legally obligated to pay Borsberry's

8

claim. The State counters by noting that the jury found Borsberry guilty of insurance fraud and that the District Court's sentence falls within the relevant statutory parameters.

¶24 Section 46-18-201(5), MCA, provides that if a sentencing judge finds that a victim, as defined by § 46-18-243, MCA, has sustained a pecuniary loss the judge shall require payment of full restitution to the victim. Section 46-18-243(2)(a)(i)(A), MCA, defines "victim" as a person who suffers a loss of property as a result of the commission of an offense. Section 46-18-243(1)(a) defines a pecuniary loss, in part, as "all special damages, but not general damages, substantiated by evidence in the record, that a person could recover against the offender in a civil action arising out of the facts or events constituting the offender's criminal activities . . . ." Pecuniary losses include economic losses incurred by the victim as a result of the crime. *State v. Brewer*, 1999 MT 269, ¶ 12, 296 Mont. 453, ¶ 12, 989 P.2d 407, ¶ 12. We previously have held that insurance payments made under fraudulent claims entitle the insurance company to restitution in the amount of the insurance payments. *See Tyler v. Fireman's Fund Ins. Co*. (1992), 255 Mont. 174, 178, 841 P.2d 538, 541.

¶25 Borsberry's policy contained a provision that allowed Allstate to void the policy if Borsberry filed a fraudulent claim. The jury convicted Borsberry of insurance fraud based on sufficient evidence. Allstate paid Borsberry's fraudulent claim under a reservation of rights in the amount of $22,997.52. Allstate suffered a pecuniary loss based on Borsberry's criminal activity. Section 46-18-243(1)(a), MCA; *Brewer*, ¶ 12. The District Court's sentence of restitution thus falls within the statutory parameters.

¶26 Borsberry finally argues that the District Court abused its discretion when it failed

9

to order Allstate to produce a document referenced by an Allstate representative during the sentencing hearing. Curt Drake (Drake), an attorney for Allstate, testified that a communication existed wherein Allstate informed the State that it had voided Borsberry's policy. The District Court rejected Borsberry's claim that the document was relevant to the issue of restitution and refused to order Drake to produce the document.

¶27 Borsberry argues on appeal that the document may have stated Allstate's reasons for voiding his policy and thereby provided him with a means to have challenged Allstate's decision to void the policy. For example, Borsberry argues that he could have contested Allstate's decision to void the policy under the speed contest exclusion provision in light of the jury's acquittal on the criminal endangerment charges. The State counters that Borsberry should have contested Allstate's decision to void his policy at trial. The State further argues that the document was irrelevant.

¶28 The jury convicted Borsberry of insurance fraud for filing a false claim with Allstate. Allstate paid Borsberry's fraudulent claim in the amount of $22,997.52. The District Court had reviewed the presentence investigation report indicating the recommended amount of restitution. The court further noted that it already had heard testimony regarding Allstate's voidance of Borsberry's policy. The District Court did not abuse its discretion in determining that the document was irrelevant to the issue of restitution. *Grixti*, ¶ 14.

¶29 Affirmed.

/S/ BRIAN MORRIS

10

We Concur:


/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON