No. DA 06-0323

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 187N

_____

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

DAVID MICHAEL SMITH,

      Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Fourth Judicial District,
                   In and for the County of Missoula, Cause No. DC-91-9779,
                   The Honorable Edward P. McLean, Presiding Judge.

COUNSEL OF RECORD:

      For Appellant:

          David Michael Smith (pro se), Deer Lodge, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General, C. Mark Fowler, Assistant
          Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney, Missoula, Montana

_____

Submitted on Briefs:  July 3, 2007

Decided:  August 6, 2007

Filed:

_____
                          Clerk

Justice Brian Morris  delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant David Michael Smith (Smith) appeals from an order of the Fourth Judicial District Court, Missoula County, denying his motion for entry of order waiving payment of restitution and for return of collected funds.  Smith challenges the collection of one-third of his prison earnings for his restitution obligations imposed in Cause Number DC-91-9779, Missoula County, following his conviction for forgery.  Although Smith apparently has fulfilled his prison term related to his forgery conviction, he remains in prison under a separate, unrelated sentence, and apparently continues to earn income from which the Department of Corrections (DOC) garnishes one-third of his wages pursuant to § 46-18-244(6)(a), MCA.  We affirm.

¶3     Smith argues on appeal that the legislature's amendments to § 46-18-241, MCA (2003), as applied to him, violate the constitutional prohibition against the advocation of *ex post facto* laws.  The State counters that Smith failed to raise his claim before the District Court and that restitution does not constitute punishment and thus cannot be the proper subject of an *ex post facto* claim.

¶4     Smith next argues that the District Court erred in failing to hold a hearing as

required by § 46-18-246, MCA, to determine whether imposition of restitution would constitute a hardship for him. The State argues that no hearing is necessary in light of the fact that Smith did not properly request a waiver of modification of his restitution obligations and his petition did not implicate the victim's right to restitution. Thus, the State argues that any evidentiary inquiries by the court into Smith's "facially groundless motion" would be redundant and would controvert the well established legal maximum that "the law neither does nor requires idle acts." *In re Marriage of Pfeifer*, 1998 MT 228, ¶ 18, 291 Mont. 23, ¶ 18, 965 P.2d 895, ¶ 18.

¶5 We review a criminal sentence for legality only. In other words, we review whether the sentence falls within statutory parameters. *State v. Denham*, 2005 MT 26, ¶ 5, 326 Mont. 24, ¶ 5, 107 P.3d 1263, ¶ 5. A question of statutory interpretation presents a question of law that we review for correctness. *Denham*, ¶ 5.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.

¶7 We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE