DA 06-0299

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 213N

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

SCOTT DOUGLAS JOHNSON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and For the County of Missoula, Cause No. DC 05-364
                     Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Jeffry L. Olson, Office of State Public Defender, Great Falls, Montana

        For Respondent:

                The Honorable Mike McGrath, Attorney General; Sheri K. Sprigg,
                Helena, Assistant Attorney General, Helena, Montana

                Fred Van Valkenburg, Missoula County Attorney; Dale Mrkich,
                Jennifer Clark, Deputy County Attorneys, Missoula, Montana

Submitted on Briefs:  April 18, 2007

Decided:  August 28, 2007

Filed:

_____
                    Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2      Scott Douglas Johnson appeals from the judgment and sentence entered by the Fourth Judicial District Court, Missoula County, upon a jury verdict convicting him of the felony offenses of criminal possession of dangerous drugs and failure to comply with registration requirements.  We affirm.

¶3      The restated issues on appeal are:

¶4      1.  Did the District Court err in denying Johnson's motion for a directed verdict on the charge of failure to register?

¶5      2.  Was the evidence sufficient to support the jury's verdicts?

## BACKGROUND

¶6      In August of 2005, the State of Montana charged Johnson by information with the felony offenses of failure to comply with sexual offender registration requirements and criminal possession of dangerous drugs, as well as a misdemeanor charge.  The supporting affidavit stated: 1) Johnson was ordered to register as a sexual offender and, after his release from prison, had last registered his address at the Missoula Poverello Center; (2) he left the Poverello Center in February of 2005; 3) Johnson's probation

officer received information that Johnson was living at a different address; 4) law enforcement officers found Johnson at that address in July of 2005; and 5) officers discovered a baggie in Johnson's possession which contained a substance later identified as methamphetamine.

¶7     Johnson pled guilty to the misdemeanor charge and not guilty to the felony charges. The District Court held a jury trial. Johnson moved for a directed verdict at the close of the State's case-in-chief and again at the close of all evidence. The District Court denied the motion. The jury returned verdicts of guilty on both felony charges, and the court entered judgment and sentence. Johnson appeals.

## STANDARDS OF REVIEW

¶8     We review *de novo* a district court's conclusion pursuant to § 46-16-403, MCA—known as the "directed verdict statute"—regarding whether sufficient evidence exists in a criminal case to support a finding or verdict of guilty. *See State v. Swann*, 2007 MT 126, ¶¶ 18-19, 337 Mont. 326, ¶¶ 18-19, 160 P.3d 511, ¶¶ 18-19. A criminal defendant is entitled to a directed verdict only if reasonable people could not conclude from the evidence, taken in a light most favorable to the prosecution, that guilt has been proved beyond a reasonable doubt. *See State v. Struble*, 2004 MT 107, ¶ 26, 321 Mont. 89, ¶ 26, 90 P.3d 971, ¶ 26 (citation omitted).

¶9     The standard of review regarding the sufficiency of the evidence to support a conviction in a criminal case is nearly identical, differing only because of the different point in a criminal case at which the issue arises. Thus, we review the sufficiency of the evidence to support a jury verdict of guilty to determine whether, viewing the evidence in

the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See State v. Weigand*, 2005 MT 201, ¶ 7, 328 Mont. 198, ¶ 7, 119 P.3d 74, ¶ 7 (citation omitted).

**DISCUSSION**

¶10    *1.  Did the District Court err in denying Johnson's motion for a directed verdict on the charge of failure to register?*

¶11    Under the Sexual or Violent Offender Registration Act (SVORA), a sexual or violent offender who knowingly fails to register certain information, verify registration, or keep registration current may be sentenced to prison, fined, or both.  *See* § 46-23-507, MCA.  Section 46-23-505, MCA (2003), in effect when Johnson was charged, sets forth in pertinent part that, if an offender required to register pursuant to SVORA "changes residence," the offender shall give written notification of the "new address" to the appropriate agency within 10 days.

¶12    Section 1-1-215(3), MCA, provides that a residence cannot be lost until another is gained.  Relying on that statute, Johnson asserts the State did not prove he gained a new residence at the address where he was arrested or any other location.  However, Johnson provides no authority for his apparent position that the State has the burden of proving the location of a new residence as an element of the offense of failure to register, with respect to the "changes residence" language in § 46-23-505, MCA (2003).  M. R. App. P. 23(a)(4) requires such authority.  We also note that Johnson requested a jury instruction placing the burden on the State to prove he changed his residence to the street address where he was arrested, the District Court refused the requested instruction, and Johnson

4

does not assert instructional error. Thus, we need not address this matter further.

¶13 Regarding Johnson's motion for a directed verdict at the close of the State's case-in-chief, the State submitted evidence that the Poverello Center's policy allows a person to stay there for no more than 30 days at one time, and the center's records reflected Johnson stayed there only between January 30 and February 12, 2005. The State also submitted evidence that Johnson was arrested in July of 2005 at the street address his probation officer had provided to officers.

¶14 We conclude that, taking this evidence in a light most favorable to the prosecution, a reasonable person could conclude, at the close of the State's case-in-chief, that Johnson changed residences and failed to keep his registration current, as contemplated in § 46-23-505, MCA (2003) and, therefore, that guilt had been proven beyond a reasonable doubt. Thus, we hold the District Court did not err in denying Johnson's motion for a directed verdict at the close of the State's case-in-chief. For that reason, we need not address his renewed motion at the close of the entire case.

¶15 *2. Was the evidence sufficient to support the jury's verdicts?*

¶16 Regarding the charge of failure to register, Johnson reiterates his assertion that the State had the burden to prove he acquired a new residence in relation to the "changes residence" language contained in § 46-23-505, MCA (2003)—again, without advancing authority as required by M. R. App. P. 23(a)(4). We will not address this further.

¶17 Johnson also points to testimony from himself and other witnesses about his asserted homelessness and staying various places after he left the Poverello Center, in an effort to support his position that insufficient evidence supported the jury's verdict on the

failure to register charge. We note that, in addition to that evidence, a detective testified that homeless people have registered in Missoula by providing locations such as "Northwest Side of the Reserve Street Bridge."

¶18 The issue here is whether sufficient evidence supports the jury's verdict, not whether the evidence could have supported a different result. *See Weigand*, ¶ 7 (citation omitted). Viewing the evidence recited above in a light most favorable to the prosecution, we conclude sufficient evidence existed on which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

¶19 Johnson also contends insufficient evidence supports the jury's verdict on the charge of criminal possession of dangerous drugs. He relies on certain conflicting testimony and the discovery of the baggie at the detention center rather than during an earlier "pat down" search.

¶20 Determinations of the credibility and weight of testimony are within the exclusive province of the jury, and conflicting testimony does not render the evidence insufficient to support a guilty verdict. *State v. Borsberry*, 2006 MT 126, ¶ 20, 332 Mont. 271, ¶ 20, 136 P.3d 993, ¶ 20 (citations omitted). Moreover, as set forth above, the issue is not whether the evidence would have supported a different verdict. *See Weigand*, ¶ 7. Viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found Johnson guilty beyond a reasonable doubt of criminal possession of a dangerous drug. We hold, therefore, that sufficient evidence supported the jury's verdict on the felony drug charge.

¶21    Affirmed.


                                        /S/ KARLA M. GRAY

We concur:


/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE