DA 11-0703

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 122N

DAVID RAY OMMUNDSON,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 11-1210
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      David Ray Ommundson (self-represented litigant); Glendive, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; Katie F. Schulz, Assistant
Attorney General, Helena, Montana

      Scott Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs: May 16, 2012

Decided: June 5, 2012

Filed:

_____
                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In January, 2007, David Ray Ommundson was tried in the District Court of the Thirteenth Judicial District and convicted of the offense of indecent exposure. Ommundson appealed and this Court affirmed the conviction. *State v. Ommundson*, 2008 MT 340, 346 Mont. 263, 194 P.3d 672. In January, 2009, Ommundson filed a petition pro se for postconviction relief. The District Court denied relief on the petition by order of February 4, 2009. Ommundson did not appeal.

¶3 In August, 2011, Ommundson filed a second petition pro se for postconviction relief. On November 4, 2011 the District Court issued an order denying relief on the petition, and Ommundson appeals. We affirm.

¶4 A district court may dismiss a petition for postconviction relief as a matter of law, and this Court reviews those decisions for correctness. *Herman v. State*, 2006 MT 7, ¶ 13, 330 Mont. 267, 127 P.3d 422. All grounds for postconviction relief must be raised in the original or amended original petition. Section 46-21-105(1)(a), MCA. A second or subsequent petition for postconviction relief must be denied unless it raises grounds for relief that could not reasonably have been raised in the original petition. Section 46-21-

105(1)(b), MCA. When the petitioner has had the opportunity for direct appeal, any grounds for relief that were or reasonably could have been raised on appeal may not be raised in a petition for postconviction relief. Section 46-21-105(2), MCA.

¶5 Ommundson's second petition for postconviction relief contends that he received ineffective assistance of counsel at trial; that he received ineffective assistance of appellate counsel; that the prosecution failed to disclose material evidence; and that he has newly discovered evidence. The District Court properly determined that these issues could have been raised upon direct appeal; or were raised and determined adversely to him in the first postconviction proceeding; or were not supported by any evidence. Ommundson has not demonstrated that any of the grounds for relief in the current petition could not have been raised in prior proceedings so as to allow him to file a second petition for postconviction relief.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. The District Court is affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BETH BAKER