DA 21-0275

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 65N

STATE OF MONTANA,

     Plaintiff and Appellee

  v.

RAFAEL BENJAMIN GRANA,

     Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADC-2020-133
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Brent Flowers, Beebe & Flowers, Helena, Montana

     For Appellee:

     Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

     Leo Gallagher, Lewis and Clark County Attorney, Joshua Nemeth, Deputy
County Attorney, Helena, Montana

Submitted on Briefs: March 2, 2022

Decided: March 29, 2022

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Rafael Benjamin Grana appeals from his conviction in a bench trial for indecent exposure in violation of § 45-5-504(1)(b), MCA, in the First Judicial District Court, Lewis and Clark County. Grana raises three issues on appeal. First, he argues there was insufficient evidence he intended to expose his genitals, an essential element of the crime. Second, the court deprived him of his right to a fair trial by admitting and relying on evidence of his prior convictions for indecent exposure prohibited under M. R. Evid. 404(b). And finally, he argues reversal is required because the District Court held a bench trial without a written waiver of his right to a jury trial. We affirm.

¶3 The State charged Grana with indecent exposure after he was witnessed masturbating in his vehicle in the parking lot outside a women's dormitory on the campus of Carroll College. The information alleged Grana "knowingly or purposely exposed his penis to S.N., under circumstances to which the person knows the conduct is likely to cause affront or alarm in order to arouse or gratify his own sexual response or desire." At trial, Grana contended there was no evidence he intended to expose his penis to S.N. specifically, rather S.N.'s testimony demonstrated he did not know she was sitting in the vehicle next

2

to him. The District Court rejected this argument as the statute does not require the State to prove intent toward a specific victim. The court concluded the State's inclusion of a specific victim in the information did not add a new element the State was required to prove. The court found Grana guilty and sentenced him to the Montana State Prison for 5 years.

¶4     We review de novo a district court's denial of a defendant's motion to dismiss for insufficient evidence. *State v. Erickson*, 2014 MT 304, ¶ 20, 377 Mont. 84, 338 P.3d 598. The grant of a motion to dismiss for insufficient evidence is appropriate "if, viewing the evidence in the light most favorable to the prosecution, there is not sufficient evidence upon which a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *State v. McAlister*, 2016 MT 14, ¶ 6, 382 Mont. 129, 365 P.3d 1062. We review a court's evidentiary decisions for an abuse of discretion. *State v. Forsythe*, 2017 MT 61, ¶ 13, 387 Mont. 62, 390 P.3d 931.

¶5     On appeal, Grana refines his argument the State presented insufficient evidence of intent, contending that simply because his penis was capable of being viewed does not mean he intended to expose it. Grana argues the District Court's reliance on *State v. Ommundson*, 2008 MT 340, ¶ 16, 346 Mont. 263, 194 P.3d 672, was misplaced as the defendant in that case was nude outside in a public park, but Grana was in his private vehicle and his genitals were not easily visible.

¶6     Circumstantial evidence alone is sufficient to sustain a conviction. *Ommundson*, ¶ 16. Circumstantial evidence is evidence "which tends to establish a fact by proving

another and which, though true, does not of itself conclusively establish the fact but affords an inference or presumption of its existence." Section 26-1-102(1), MCA.

¶7 The District Court correctly found circumstantial evidence supported its conclusion Grana purposely or knowingly exposed his genitals, as Grana was seen masturbating in his vehicle in a busy parking lot next to a busy sidewalk during a time of year when classes were in session at the college. His vehicle did not have tinted windows. Grana intentionally elected to expose his penis "in such a place and time" that it was certain another would be able to view it. *Ommundson*, ¶ 20. These facts while not directly evidencing Grana's intent, afford "an inference or presumption" Grana purposely or knowingly exposed his genitals.

¶8 Similar to his argument before the District Court, Grana also contends the information charged him with knowingly or purposely exposing his genitals to S.N. and because of this he devoted his defense to discrediting S.N.'s testimony. He alleges the State changed its theory at trial from this specific intent to expose himself to S.N. to a more general intent to expose himself to other members of the public. Grana contends this change in theory should have required the State to amend its information, and such amendment should not have been allowed because it substantially prejudiced his defense.

¶9 Section 46-11-401(1), MCA, requires a criminal charge to "be a plain, concise, and definite statement of the offense charged" and under § 46-11-401(2), MCA, an information must include "the names of the witnesses for the prosecution, if known." An information "must contain 'a statement of facts constituting the offense charged in ordinary and concise

4

language in such manner as to enable a person of common understanding to know what was intended.'" *State v. Kern*, 2003 MT 77, ¶ 31, 315 Mont. 22, 67 P.3d 272 (quoting *State v. Paine*, 61 Mont. 270, 273, 202 P. 205, 205 (1921)).

¶10 The State charged Grana with an offense under § 45-5-504(1)(b), MCA. Under this subsection of the statute, the State is required to establish (1) Grana knowingly or purposely exposed his genitals; (2) under circumstances he knew were likely to cause affront or alarm; and (3) he did so to "arouse or gratify [his] own sexual response or desire." Section 45-5-504(1)(b), MCA; *see also Ommundson*, ¶ 12.

¶11 We agree with the District Court the identification of S.N. in the information did not add a new element to the offense the State was required to prove at trial. The information adequately informed Grana of the charge against him. S.N. was the complaining witness and was among the category of people Grana intended to expose himself to by masturbating in a public parking lot. The State's focus at trial on Grana's intention to masturbate in a public setting and thus expose himself to members of the public did not require it to amend the information, as § 45-5-504(1)(b), MCA, does not require the State to prove Grana intended to expose himself to a particular victim.

¶12 Grana next argues the District Court admitted evidence of his prior convictions in violation M. R. Evid. 404(b). Grana contends the State lacked any evidence of his intent to expose his genitals in this case and it sought judicial notice of his prior convictions for the impermissible character inference that if Grana did it before, he must have done it again.

To support his contentions, Grana points out the State did not elaborate as to how the factual circumstances of his prior convictions might establish intent in this case.

¶13     M. R. Evid. 404(b) prohibits courts from admitting evidence of other crimes "to prove the character of a person in order to show action in conformity therewith."

¶14     At the end of trial, the State asked the District Court to take judicial notice of Grana's prior convictions for indecent exposure, as those convictions "go toward his knowledge." The State offered copies of those judgments. The District Court expressed skepticism of this theory, explaining this Court had "said [in *Ommundson*] you could attribute knowledge or impute knowledge to the defendant given . . . the circumstances under which the act occurred." The court told the State it was "not inclined to allow the state to introduce the other crimes to show conformity of his behaviors here. I'm not sure that the state needs that given the facts of this particular case." The State clarified "for the record" it "was not intending to admit [the evidence] for that purpose," but "strictly for the purpose of knowledge." After this discussion, the State presented its closing arguments and did not reference the prior convictions. Copies of the previous judgments are not included in the record. The court did not reference the prior convictions in its December 17, 2020 Finding of Fact, Conclusions of Law and Order, explaining its decision.

¶15     It is clear from this record the District Court did not admit evidence of Grana's prior convictions for indecent exposure. Rather, it denied the State's motion as the court did not think the State needed that evidence to show knowledge given the facts of this case. It is also clear the State recognized its motion had been denied after the court stated it was "not

6

inclined" to allow the State to introduce the evidence, as the State sought to clarify its argument "for the record" using the past tense—"the state was not intending to admit it for that purpose." The State then moved into its closing arguments without further discussion. The District Court did not violate M. R. Evid. 404(b), because the record shows it did not admit or give any consideration to evidence of Grana's prior convictions.

¶16 Finally, Grana argues the case must be reversed because the record does not contain a written waiver of his right to a jury trial as required under § 46-16-110(3), MCA. Grana did not raise this issue in the District Court.

¶17 Failure to object in the trial court generally constitutes a waiver of the right to raise an issue on appeal. *See State v. Polak*, 2021 MT 307, ¶ 9, 406 Mont. 421, 499 P.3d 565. This Court "may undertake review of an unpreserved assertion of error under the plain error doctrine in situations that implicate a defendant's fundamental constitutional rights when failing to review the alleged error may result in manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process." *Polak*, ¶ 9. "Invoking plain error review to reverse a conviction is a discretionary decision this Court uses sparingly on a case-by-base basis." *Polak*, ¶ 9.

¶18 While Grana states the standard this Court uses to invoke plain error review in his standard of review, he does not explain how this standard is met in his three-paragraph argument. Grana has failed to present any evidence the alleged error may result in manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the

proceedings, or compromise the integrity of the judicial process. In fact, Grana's counsel stated during his opening argument, "[t]he reason we chose a bench trial in this, your Honor, is because this is almost entirely a legal argument." The same attorney represents Grana on appeal. Grana has not met his burden of proving reversal under plain error review is warranted.

¶19 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶20 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR